Nash, J.
 

 The action was commenced by warrant, and the plaintiff claims, in it from the defendant, the sum of ninety-seven dollars and eighty-eight cents, “ due by signed account,” To sustain his claim he gave in evidence a paper writing which is in the words and figures following;
 

 
 *144
 
 “Sold to Samuel G. Watson, Jr., this the 6th of December, 1844, 153 Turkies at one dollar a pair, $76 50
 

 211 Chickens at
 
 12t¡
 
 cents each, 26 38
 

 $102 88
 

 Payable in Corn at one dollar and sixty cents -within sixty days to deliver the corn in Credit this account 50 shillings^ S 00
 

 $97 88
 

 (Signed,)
 
 8.
 
 G. WATSON, Jr..”
 

 The reception of this paper, in evidence, was opposed by the defendant on two grounds: first, that it was not such a paper, as was described in the warrant; and secondly, that a single magistrate had not jurisdiction of the claim as set forth in the account. As their objection lies at the foundation of the plaintiff’s right of recovery in this action, we have not considered ourselves called on, to decide any other points raised. Upon its face, the warrant claims a sum of money under $100 as due by a signed account. If the account produced is not within the Act of Assembly, it does not support the warrant, and ought not to have been received in evidence.
 
 McFarland
 
 v.
 
 Nixon,
 
 4 Dev. 141. The presiding Judge was-of opinion, that it was a signed account and over-ruled the objection. In this opinion we do not concur. We hold that the account is not, in the language of the Act, a liquidated account.
 

 The Act, under which the warrant is brought, is as-follows.” All debts and demands due on bonds, notes and liquidated accounts, when said accounts shall be stated in writing, and signed by the party from whom the same shall be due, when the principal does not exceed $10-0, &c. shall be cognizable and determinable by anyone Justice of the Peace out of Court.”
 
 Rev. St. ch.
 
 62,
 
 sec.
 
 6 — and by the latter part of the same section, the jurisdiction is ,confined, in claims for money, to sums under sixty dollars,
 
 *145
 
 when not so evidenced, and to specific articles not exceeding that sum in value. The whole question, turns upon the construction of the words “liquidated accounts,” for the description in the warrant, of the account, is but a description or defining of them. It is manifest, that the Legislature intended, that the different securities enumerated should bear upon their face the same and equal certainty. A bond or note payable to no one cannot be considered, as in law, a valid instrument. So it must show what is due or payable, or furnish the means whereby the amount may be ascertained. So a liquidated account is one, which is stated in writing and signed by the party to be charged. To liquidate is to settle, to adjust, to ascertain or reduce to precision in amount. See
 
 Walker
 
 — . word
 
 liquidate.
 
 So liquidation is the act of settling or adjusting debts, or ascertaining their amount, or the balance due. There must then, be some one, to whom that balance is due, as well as some one from whom it is due. To liquidate an account is to ascertain the balance due, to wLom due and to whom payable. But to subject such an account to the jurisdiction of a single magistrate, the amount due must be under 0100, and the account must be stated in writing and signed by the debtor. In the case
 
 Newman
 
 against
 
 Taylor,
 
 5 Ired. 232, the Court decides what constitutes under the Act we are considering, a liquidated account. “ The instrument must in itself amount to plenary evidence, without requiring the aid of other evidence, to supply its defects.” The instrument sued on, in that case, was as follows : “ April 22, 1844. Received 1,500 hundred weight of bacon at 6 cents, and 128 lbs. of lard. Signed, William Tabor.” The question was whether that was, under the Act, a signed account, and the Court say it is not. Among other objections, the Court notices the fact, that the paper does not say, from whom the bacon and lard were received, and that it did not purport to be a liquidated
 
 *146
 
 account between the parties before the Court. The paper in this case is equally uncertain with that in Tabor’s. It does not state who sold the turkeys and chickens to the defendant, Watson: nor to whom the'amount was due. They are to be paid for, not in money, but in corn at $1 60, and deliverable in sixty days, but to whom, or when, is not stated; and whether the $ 1 60 is per barrel, or per bushel, it does not state. It does not then, in the language of the Court, in Tabor’s case, contain plenary evidence in itself, but requires other proof to supply its defects. Accordingly, the plaintiff was permitted to prove
 
 aliunde,
 
 that George Staples was employed by him, as an agent to sell goods for him as a merchant, iu Hyde County, and that he sold the articles to the defendant, a.nd that the paper offered in evidence was taken from the books kept by Staples at the store, and that the books were surrendered up by him, as the books of the plaintiff, to a person authorized by the plaintiff to receive them, and acknowledged by the defendant as being the property of the plaintiff. Bui none of this evidence was furnished by the account introduced. It was all without and beside it. No case could have more fully exemplified the meaning of the Court in Tabors’ case, than the present. There is no doubt the account properly belongs to the plaintiff, and he can maintain an action on it, but not this action. The account is not in the meaning of the Act a signed account. The sum claimed is over sixty dollars, and is beyond the jurisdiction of a single Magistrate, and the defendant was entitled to have the judgment of a non-suit.
 

 Per Curiam. Judgment reversed and a
 
 venire de nova
 
 ordered.